**FILED**

**JANUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PH

**08 C 445**

| | |
|---|---|
| MERCED ROJAS, | |
| Plaintiff, | |
| v. | Case No. |
| TOWN OF CICERO, | **JUDGE DER-YEGHIAYAN** |
| | **MAGISTRATE JUDGE NOLAN** |
| Defendants. | Plaintiff Demands Trial By Jury |

## COMPLAINT

Plaintiff MERCED ROJAS, through his counsel, KURTZ LAW OFFICES, LLC, seeks redress against Defendant TOWN OF CICERO for violations of Title VII for racial discrimination and for retaliation, and states as follows:

### Introduction

1.    Plaintiff MERCED ROJAS seeks redress for racial discrimination by Defendant in violation of his rights as secured under Title VII, 42 U.S.C. § 2000, et seq. (Count I); and for retaliation by Defendant in violation of his rights as secured under Title VII, 42 U.S.C. § 2000, et seq. (Count II).  Plaintiffs seek declaratory and injunctive relief as well as damages for his injuries.

2.    Defendants' actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

### Jurisdiction

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

5.      On or about August 10, 2007, Plaintiff Rojas caused to be filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission.

6.      On or about October 22, 2007, Plaintiff received a notice of right to sue from the EEOC.

## The Parties

7.      Plaintiff Merced Rojas ("Rojas") is a resident of Cook County.

8.      Defendant TOWN OF CICERO is an employer in an industry affecting commerce and employs more than fifteen (15) employees.

## Facts Upon Which Plaintiff's Claims Are Based

9.      Plaintiff Rojas was employed by Defendant Town of Cicero from on or about June 19, 1995 through October 16, 2006, which he was unlawfully terminated.

10.     Defendant terminated Plaintiff because of his race and national origin (Hispanic and Mexican decent) and because his wife, Ana Maria Montes de Oca Rojas, had complained about Respondent's discriminatory and retaliatory treatment.

11.     Other similarly situated employees not in the same protected class as Plaintiff engaged in similar and more egregious conduct as that erroneously and maliciously alleged against Plaintiff, and Defendant did not terminate and/or discipline those employees.

12.     Defendant Town of Cicero has violated Title VII by engaging in racial and national origin discrimination and retaliation based upon familial association, including against Plaintiff.

13.     Defendant Town of Cicero has engaged systemic discrimination against minority employees and residents of the Town of Cicero, including those of Hispanic and Mexican decent.

14.     Defendant Town of Cicero has also discriminated against employees and residents of the Town of Cicero and retaliated against them based upon familial association, including against family members of employees who have complained about Respondent's discriminatory conduct.

15.     Defendant Town of Cicero terminated Plaintiff's employment because of his Hispanic and Mexican decent, and in part because of his familial association.

16.     As a result of Defendant's conduct, Plaintiff has suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT I

## (Title VII – Race Discrimination)

17.     As against Defendant TOWN OF CICERO, Plaintiff restates and realleges by reference paragraphs 1 through 16 above as though fully set forth herein.

18.     The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal

employment to, and otherwise adversely affecting Plaintiff because of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq.*

19.     Defendant has engaged in a policy, pattern, and practice of racial harassment and discrimination of minority employees and citizens of the Town of Cicero, and specifically those of Hispanic national origin.

20.     Defendant intentionally discriminated against Plaintiff based on his race and national origin and denied him equal opportunities by subjecting him to unlawful termination.

21.     The actions of Defendant in intentionally engaging in and condoning race discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.     All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.     Compensatory damages in an amount to be determined at trial;

C.     A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

D.     A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e *et seq.*;

E.     The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

## COUNT II

### (Title VII – Retaliation)

22. As against Defendant TOWN OF CICERO, Plaintiff restates and realleges by reference paragraphs 1 through 16 above as though fully set forth herein.

23. Plaintiff Rojas was subjected to retaliatory treatment in retaliation for his complaints.

24. Defendant has engaged in a policy, pattern, and practice of retaliating and condoning retaliation against employees who complain of discrimination.

25. By engaging and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

26. The actions of Defendant in intentionally engaging in and condoning discrimination and retaliation against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, and constructive discharge.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

5

D.     A permanent injunction requiring the Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

E.     The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

G.     Such other relief as the Court may deem just or equitable.

Respectfully submitted:

MERCED ROJAS

*s/Dana L. Kurtz*

_____

Attorney for Plaintiff

*Electronically filed on January 21, 2008*

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us